

# THE ATTORNEY GENERAL
# OF TEXAS

September 27, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Marlin W. Johnston
Commissioner
Texas Department of Human
   Services
P. O. Box 2960
Austin, Texas   78769

Opinion No.  JM-957

Re:  Political activity by
employees of the Texas
Department of Human Ser-
vices  (RQ-1471)

Dear Mr. Johnston:

You ask two questions regarding political activity by employees of the Department of Human Services. First, you ask whether an employee may become a candidate for the political party office of county or precinct chairman without violating 5 U.S.C. section 1502(a)(3). Further, you ask whether the offices of county and precinct chairman may be considered "nonpartisan" as that term is used in 5 U.S.C. section 1503.

Political activity of officers and employees of the Department of Human Services (DHS) is governed by section 21.009 of the Human Resources Code which provides in pertinent part:

> (b)  An officer or employee of the depart-ment is subject to all applicable federal restrictions on political activities. However, an officer or employee retains the right to vote as he or she pleases and may express his or her opinion as a citizen on all political subjects.
>
> (c)  An officer or employee of the depart-ment who violates a provision of this section is subject to discharge or suspension or other disciplinary measures authorized by the department's rules.

Hum. Res. Code § 21.009.

The "federal restrictions on political activities" referred to in subdivision (b) above are found in the Hatch

Act. 5 U.S.C. § 1501 et seq. Section 1502(a) (3) prohibits a state or local officer or employee from seeking elective office. Section 1501 (4) provides:

> (4) 'State or local officer or employee' means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency, but does not include [certain exceptions not relevant here].

5 U.S.C. § 1501 (4).

The determination of whether a particular individual's "principal employment" brings him within that definition is a fact question. We do not resolve questions of fact in the opinion process. Attorney General Opinion JM-413 (1986). Therefore, for the purpose of this opinion, we will assume that the employees about whom you inquire meet that definition and are included within the restrictions of the remainder of the act.

Before 1975, the terms of the Hatch Act prohibited the targeted individuals from holding political party offices. See, e.g., Oklahoma v. United States Civil Service Commission, 330 U.S. 127 (1947). However, in 1974 Congress amended the statute so that it would not have that effect. The amendment deleted language that prohibited state and local officers and employees from "tak[ing] an active part in political management or in political campaigns." That language had been held to prohibit state employees from holding political party offices. See Oklahoma, supra; Engelhardt v. United States Civil Service Commission, 197 F.Supp. 806, aff'd, 304 F.2d 882 (1961); see also United Public Workers of America v. Mitchell, 330 U.S. 75 (1947).

The reason for the amendment is revealed in 1974 United States Code Congressional and Administrative News at page 5669, which states that the bill amends section 1502 of Title 5, United States Code "to provide that State and local officers and employees may take an active part in political management and in political campaigns, except that they may not be candidates for elective office."

This statement of intent is less than clear when applied in Texas, because in this state county and precinct party officers are elected. Elec. Code § 171.022. However,

rules adopted by the Office of Personnel Management interpret the 1974 amendment as allowing state employees to hold party offices, including elective party offices. Those rules are found at Part 151, Title 5, Code of Federal Regulations.

Section 151.101(i) defines "elective office" to mean "any office which is voted upon at an election as defined at section 151.101(f), above, but does not include political party office." Section 151.111 sets out permissible activities for affected personnel as including participation "in all political activity not specifically restricted by law and this part, including candidacy for office in a nonpartisan election and candidacy for political party office." Finally, section 151.122(f) excepts from the general prohibition, candidacy "for a position of officer of a political party, delegate to a political party convention, member of a National, State or local committee of a political party, or any similar position." 5 C.F.R. § 151.122(f).

We conclude that an officer or employee of the Department of Human Services may run for the office of precinct chairman of a political party without violating the Hatch Act.

You also ask whether the offices of county and precinct chairman may be considered "nonpartisan" offices as defined by section 1503 of the Hatch Act. We assume that your question is prompted by the exclusion of nonpartisan offices from the Hatch Act's restrictions. Section 1503 provides:

> Section 1502(a)(3) of this title does not prohibit any State or local officer or employee from being a candidate in any election if none of the candidates is to be nominated or elected at such election as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected.

5 U.S.C. § 1503.

As stated earlier, Texas candidates for the political party offices of county and precinct chairman are elected at the primary elections. The other candidates nominated in those elections will represent their respective political parties in the succeeding general election. By its very terms, therefore, the exception in section 1503 cannot apply

to the offices about which you inquire. Given our answer to your first question, however, this fact is of no consequence.

### S U M M A R Y

An officer or employee of the Department of Human Services may run for the office of county precinct chairman without violating the Hatch Act.

Very truly yours,

**J I M  M A T T O X**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General